**UNITED STATES of America, Appellee,**

v.

**Edward RUCKER, Appellant.**

No. 76–2157.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 18, 1977.

Decided June 24, 1977.

George F. West, Jr., Alexandria, Va. (Murphy, McGettigan, McNally & West, Alexandria, Va., on brief), for appellant.

Robert F. McDermott, Jr., Asst. U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN * and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

Appellant Edward Rucker was convicted of voluntary manslaughter in the stabbing death of a fellow inmate at Virginia's Lorton Reformatory, in violation of 18 U.S.C. § 1112. The dispositive issue in his appeal is whether the trial judge committed reversible error in refusing to question individually on voir dire two prospective jurors whose answers to jury qualification questionnaires left open to question their physical or mental capacities to render effective jury service. Rucker used two of his ten peremptory challenges, all of which were ultimately exercised, to strike the questionable veniremen from the panel, and now claims that the trial judge's failure to make specific inquiry impaired his ability to make intelligent use of those challenges. We agree, and hold that the judgment of conviction must be vacated and the case remanded for a new trial.

Of the veniremen who had filled out the questionnaires, two had failed to answer fully Questions 18 and 19. Question 18 inquired whether or not a venireman suffered from any physical or mental infirmity that would impair his ability to serve as a juror. One venireman answered affirmatively, but failed to provide an explanation as required by Question 19. Another failed entirely to answer Question 18.

Counsel for the appellant brought these matters to the attention of the court, and requested that, on voir dire, the two veniremen in question be individually asked to explain their answers or lack thereof. The court denied the request, and denied a challenge for cause to the one juror who had indicated that he in fact had such a disability. Instead, the court inquired generally of the panel as a whole whether any venireman suffered from any physical or mental infirmity that would impair his ability to sit as a juror. The oral inquiry was answered with silence.[1]

██ We think the trial judge committed error in failing to ascertain why the questions pertaining to physical or mental impairment had not been fully answered, or had been answered in the affirmative, once that fact had been called to the court's attention by defendant's counsel. Physical or mental incapacity to serve, no less than

---

* Judge Craven participated in the decision of this case but died before the opinion was prepared.

1. We do not imply that the manner or form of inquiry is in general wrong for it has repeatedly been held sufficient in this circuit. Our holding is limited to making only the general inquiry after notice that a particular venireman does have, or well may have, a physical or mental impairment which might affect his ability to render efficient jury service.

the existence of bias,[2] strikes at the very fitness of a venireman to sit as a juror. The questionnaires are presumably distributed for a reason, and once the answers indicated at least an ambiguity as to the physical or mental capacity of one venireman and the disability of another, we think that, on request of defense counsel, the matter should have been inquired into in greater depth. The general question did not necessarily resolve the matter. From the record here, it is as reasonable a supposition as any other, for example, that if the impairment indicated by one of the veniremen were a hearing disability he would have been unable to hear the court's oral inquiry.

■ We have not overlooked the fact that the two veniremen did not actually sit on Rucker's jury, having been excused by peremptory challenges. Still, a defendant is entitled to have sufficient information brought out on voir dire to enable him to exercise his challenges in a reasonably intelligent manner, lest the statutory right become an empty ritual. When the court received notice that two veniremen either were or may well have been physically or mentally incompetent to serve, it was not within the court's sound discretion to, in effect, require the defendant to exercise peremptory challenges on a speculative basis so far as their disability was concerned.

■ The right of peremptory challenge, known to the common law in capital cases, *Frazier v. United States*, 335 U.S. 497, 506–07, 69 S.Ct. 201, 93 L.Ed. 187 note 11 (1948), (*Swain*, infra, n. 9 indicates felonies) has long been recognized as "one of the most important rights secured to the accused." *Pointer v. United States*, 151 U.S. 396, 408, 14 S.Ct. 410, 414, 38 L.Ed. 208 (1894); see *Lewis v. United States*, 146 U.S. 370, 376, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). Indeed, it has been characterized as an essential component of an impartial jury trial as long ago as by Coke and Blackstone,[3] and as recently as by the Supreme Court in 1965 in *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). "The function of the challenge is not only to eliminate extremes of partiality, on both sides, but to assure the parties that the jurors before whom they try the case will decide on the basis of the evidence placed before them and not otherwise." [4] Id. at 219, 85 S.Ct. at 835.

■ Of course, this purpose would largely be vitiated if peremptory challenges were required to be exercised without the benefit of adequate information upon which rational challenges may be predicated, irrespective of whether such information is actually utilized, or whether the crucial factor to a particular defendant is "those with blue eyes." While it is the nature of a peremp-

2. Failure of a trial judge to inquire on voir dire into possible racial biases of veniremen has been held to be reversible error in *Aldridge v. United States*, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931), and raised to constitutional significance in *Ham v. South Carolina*, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973). In *Ham*, where a black civil rights activist was on trial in circumstances suggesting that racial bias might play a role in the minds of jurors, the Court held that the failure of the trial judge to inquire into the subject violated the Due Process Clause of the Fourteenth Amendment.

It has subsequently been made clear, however, that "The Constitution does not always entitle a defendant to have questions posed during *voir dire* specifically directed to matters that conceivably might prejudice veniremen against him," *Ristaino v. Ross*, 424 U.S. 589, 96 S.Ct. 1017, 1020, 47 L.Ed.2d 258 (1976), even in the context of racial discrimination when there were no racial issues to be tried. See

also *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

3. See *Lewis v. United States*, 146 U.S. 370, 376, 13 S.Ct. 136, 36 L.Ed.1011 (1892); and *Pointer v. United States*, 151 U.S. 396, 408, 14 S.Ct. 410, 414, 38 L.Ed. 208 (1894), in which the statement is attributed to Coke that, "The end of challenge is to have an indifferent trial, and which is required by law; and to bar the party indicted of his lawful challenge is to bar him of a principal matter concerning his trial."

4. The right of peremptory challenge, however, is conferred by Congress and the Federal Rules of Criminal Procedure, and is not required by the Constitution. In *Frazier v. United States*, 335 U.S. 497, 505–06 and n. 11, 69 S.Ct. 201, 93 L.Ed. 187 (1948), the Court points out that peremptory challenges can be withheld without impairing the constitutional guaranties of an impartial jury or a fair trial.

tory challenge that it may be exercised capriciously or whimsically, *Swain,* supra, 380 U.S. at 220–221, 85 S.Ct. 824, at least the opportunity to exercise it meaningfully must be present. Thus, the adequacy of the court's voir dire examination becomes inevitably bound up with the defendant's opportunity to make reasonably intelligent use of his peremptory challenges and challenges for cause. If probing questions are never asked after notice of probable disability of particular jurors, salient information about prospective jurors might never be revealed, and the entire process would do nothing to advance the cause of selecting a competent, disinterested jury. See *Swain,* supra, 380 U.S. at 219–220, 85 S.Ct. 824.

■ While the conduct of a voir dire examination is a matter within the broad discretion of the trial judge, *Ristaino v. Ross,* 424 U.S. 589, 594, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976); *Ham v. South Carolina,* 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973); *Aldridge v. United States,* 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931), the exercise of that discretion is limited by "the essential demands of fairness." *Aldridge,* supra, at 310, 51 S.Ct. 470. A voir dire that has the effect of impairing the defendant's ability to exercise intelligently his challenges is ground for reversal, irrespective of prejudice. *Swain v. Alabama,* supra, 380 U.S. at 219, 85 S.Ct. 824; *United States v. Lewin,* 467 F.2d 1132 (7th Cir. 1972).

■ Our holding is a narrow one. When the district judge had reason to believe from information supplied by the veniremen themselves that one of them may well have lacked, and one did lack, physical or mental capacity to serve as jurors, the defendant's request for a specific inquiry into the matter was reasonable and should have been granted.

*United States v. Cavanaugh,* 535 F.2d 1251 (4th Cir. 1976), an unpublished opinion of this court relied upon by the United States, held, in an alternate holding, on somewhat similar facts, that the trial court acted within its discretion in propounding a general question to the entire panel concerning physical or mental competence.

While *Cavanaugh* may be factually distinguished on its other ground that the defendant in that case did not use his peremptory challenges to strike the veniremen in question, in any event, as an unpublished opinion it is not binding on us, and we decline to follow it so far as it may hold that no follow-up questions are required after the court is put on notice of probable disqualification of a venireman.

■ The government next takes the position that, even though the trial court may have erred in declining further voir dire examination, and assuming the disqualification of the juror involved, the error was not reversible because the questionable jurors were excused by two of the defendant's peremptory challenges. Even apart from what we have said about the necessity of an adequate voir dire to provide a foundation for the exercise of challenges, we think that an erroneous refusal to excuse a juror for cause constitutes reversible error despite the defendant's use of peremptory challenges, where, as here, as a result of the error the number of peremptory challenges available to the defense is reduced. *United States v. Nell,* 526 F.2d 1223 (5th Cir. 1976).

■ Finally, since the case must be retried, we briefly address Rucker's remaining assignments of error pertaining to the government's use of demonstrative evidence, and the government's recall of a witness after the witness had had an opportunity to confer with the Assistant United States Attorney. We think both of these matters were within the discretion of the district court, and that there was no abuse of that discretion. See *United States v. Skinner,* 138 U.S.App.D.C. 121, 425 F.2d 552, 555 (1970), with respect to visual evidence, and *Holder v. United States,* 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893), with respect to recalling the witness.

*REVERSED AND REMANDED FOR A NEW TRIAL.*