911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ivn MITCHELL, a/k/a David W. Freeman, a/k/a Steven Mitchell,
a/k/a Steven M. Johnson, a/k/a Steve Mitchell,
Defendant-Appellant.
 No. 89-5810.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1990.
Decided Aug. 20, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior District Judge.
 Richard C. Bittner, Baltimore, Md., for appellant.
 David Paul King, Assistant United States Attorney, Baltimore, Md. (Argued), for appellee; Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, Circuit Judge, JAMES B. McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Ivn Mitchell was indicted, prosecuted for and convicted of one count of bank robbery and one count of bank larceny in violation of 18 U.S.C. Sec. 2113. On October 18, 1989, he was sentenced to twenty years imprisonment.
 
 
 2
 Mitchell appeals the decision of the district court admitting into evidence the in-court identification testimony of witness Patricia Preston. Because the identification was sufficiently reliable to be admitted into evidence, and because the trial judge properly exercised his discretion in allowing the government to recall Preston, we affirm.
 
 
 3
 Reliability is the "central question" in determining the admissibility of identification testimony. "The admission of testimony concerning a suggestive ... identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." Manson v. Brathwaite, 432 U.S. 98, 106 (1977).
 
 
 4
 "[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil v. Biggers, 409 U.S. 188, 199-200 (1972). Reliability must be determined on a case-by-case basis. United States v. Hughes, 716 F.2d 234 (4th Cir.1983).
 
 
 5
 Mitchell argues that Preston had a poor opportunity to observe her assailant. Therefore, he argues, the court erred in admitting her unreliable testimony.
 
 
 6
 The evidence shows that Preston was walking to her car when the assailant grabbed her and commandeered her vehicle. She admits the incident lasted a short time. Nevertheless, in her own words: "He was right in front of my face." Preston had sufficient opportunity to observe and identify her assailant.
 
 
 7
 Shortly after the incident, Preston gave the police a fairly collected description of her attacker. She noticed his height, build, hair style and clothing; and she noticed that his zipper was down. This statement accurately described the appellant, and showed a keen attention to detail.
 
 
 8
 Mitchell argues that the witness lacked certainty in identifying him as her assailant. Mitchell particularly emphasizes Preston's testimony that she could not be "one hundred percent sure" that Mitchell was the man who took her car. He selectively ignores Preston's statement, made shortly after the crime, that she would "recognize him if she saw him again." Preston's testimony exhibited a sufficient degree of certainty to justify submitting the testimony to the trier of fact.
 
 
 9
 Mitchell points to the fact that Preston was unable to identify him in a photo line-up. However, the record supports Preston's statement that the picture was a very poor likeness of Mitchell. Moreover, her failure to identify Mitchell in the photo line-up was brought out before the jury on cross examination.
 
 
 10
 Finally, Mitchell emphasizes that two years had elapsed between the crime and the in-court identification, thus making the identification inherently unreliable. However, the testimony should not be disregarded because the defendant remained a fugitive for a long period of time. The jury was able to consider the lapse in time in assessing the reliability and weight of Preston's identification testimony.
 
 
 11
 Upon consideration of the factors in Neil v. Biggers, the court concludes that the identification testimony was sufficiently reliable to warrant submitting the evidence to the jury.
 
 
 12
 Mitchell also challenges the trial court's decision to allow the government to recall its witness after she had been excused. The decision of a trial judge to allow the recall of a witness is discretionary. United States v. Rucker, 557 F.2d 1046, 1049 (4th Cir.1977). Therefore, the decision should not be disturbed without showing an abuse of discretion.
 
 
 13
 Here, there is no evidence that Preston's testimony was tainted by excusing her and then recalling her. She was told to step down, and before she could leave the courtroom, she was recalled. (The prosecutor had realized he had forgotten to ask her to identify Mitchell.) Motion to have Preston recalled was made immediately. The defense had a fair opportunity to cross-examine her, and to point out any potential weaknesses in her testimony.
 
 
 14
 The decision to allow the government to recall Preston was not an abuse of the trial judge's discretion.
 
 
 15
 AFFIRMED.