**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4261

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GILDO RICCI,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:24-cr-00149-CMH-1)

Submitted:  April 21, 2026                                Decided:  May 28, 2026

Before GREGORY, WYNN, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Shannon S. Quill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Todd W. Blanche, Deputy Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Lindsey Halligan, United States Attorney, Special Attorney, Lauren N. Beebe, Assistant United States Attorney, Christopher M. Carter, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gildo Ricci appeals his jury conviction and the 18-month sentence imposed for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Ricci asserts that the district court abused its discretion when it granted the Government's motion to strike a particular juror ("the Juror") for cause without first obtaining a sufficient factual basis to determine whether the Juror could remain impartial. The Government responds that, because defense counsel failed to timely object to the Juror's dismissal, Ricci failed to preserve the issue for appeal and, thus, plain error review applies. The Government next asserts that, regardless of which standard of review this court applies to Ricci's assignment of error, the court should defer to how the district court chose to conduct voir dire. Finding no error, we affirm.

"Voir dire plays an essential role in guaranteeing a criminal defendant's Sixth Amendment right to an impartial jury, in that it enables the court to select an impartial jury and assists counsel in exercising peremptory challenges." *United States v. Jeffery*, 631 F.3d 669, 673 (4th Cir. 2011) (internal quotation marks omitted). "'Despite its importance, however, the adequacy of voir dire is not easily subject to appellate review," and this court "accord[s] great deference to the district court's decisions about the conduct of voir dire." *Id.* (citation modified).

This "is so because a trial judge's appraisal is ordinarily influenced by a host of factors impossible to capture fully in the record, such as a prospective juror's inflection, sincerity, demeanor, candor, body language, and apprehension of duty." *United States v. Tsarnaev*, 595 U.S. 302, 312-13 (2022) (internal quotation marks omitted). Thus, the "trial

2

court's broad discretion in this area includes deciding what questions to ask prospective jurors." *Id.* at 313; *see id.* at 313-14 (finding that district court "did not abuse its broad discretion by declining to ask about the content and extent of each juror's media consumption regarding the [case]," in part because, "[b]ased on years of trial experience, the court concluded that jurors who came in with some prior knowledge would still be able to act impartially and hold the government to its proof" (internal quotation marks omitted)).

The district court's broad discretion also encompasses it rulings on for-cause strikes: "It is the settled law of this circuit that a district judge retains a very broad discretion in deciding whether to excuse a juror for cause and his decision will not be overturned except for manifest abuse of that discretion." *United States v. Jones*, 716 F.3d 851, 857 (4th Cir. 2013) (internal quotation marks omitted). That is because "[t]he trial judge is in the best position to make judgments about the impartiality and credibility of potential jurors based on the judge's own evaluations of demeanor evidence and of responses to questions." *United States v. Gutierrez*, 963 F.3d 320, 334 (4th Cir. 2020) (internal quotation marks omitted). And "[a]s a district judge is in the best position to make this determination, the inquiry into a potential juror's bias is committed to his discretion, including ample leeway to formulate the questions to be asked." *Id.* (citation modified). "Just as the trial judge has latitude in framing the inquiry, so too does he have broad discretion in evaluating the significance of potential juror bias." *Id.* (internal quotation marks omitted).

Although challenges to a district court's ruling on the qualifications of jurors are generally reviewed for abuse of discretion, *see United States v. Turner*, 389 F.3d 111, 115 (4th Cir. 2004), "a specific objection or request during the voir dire process is required to

3

preserve the objection for appeal," *United States v. LaRouche*, 896 F.2d 815, 829 (4th Cir. 1990) (emphasis omitted). In the absence of a specific objection in the trial court, this court reviews an unpreserved voir dire issue for plain error. *See United States v. Umana*, 750 F.3d 320, 342 (4th Cir. 2014); *see also King v. Jones*, 824 F.2d 324, 326 (4th Cir. 1987) ("Because King's counsel failed to make a timely objection when the judge did not ask the questions she did not preserve this issue, and the appeal on this issue must fail."). Indeed, "[i]f there are particular voir dire questions which counsel deems essential, and that refusal to ask them may be reversible error, counsel must so advise the court, and state his reasons before the court's voir dire of the prospective jurors is completed." *King*, 824 F.2d at 326 (emphasis omitted).

Under the plain error standard of review, Ricci "may not obtain relief unless: (a) the error was plain; (b) the error affected substantial rights, meaning that there is a reasonable probability that, but for the error, the outcome of the proceeding would have been different; and (c) the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *United States v. Heyward*, 42 F.4th 460, 465 (4th Cir. 2022) (internal quotation marks omitted). "This standard is difficult to satisfy." *Id.* (internal quotation marks omitted).

We conclude that the district court did not reversibly err under either standard of review. Notably, a "district court's duty is to conduct a thorough jury-selection process that allows the judge to evaluate whether each prospective juror is to be believed when he says he has not formed an opinion about the case." *Tsarnaev*, 595 U.S. at 313 (internal quotation marks omitted). This "require[s] balancing the need to detect bias against the

4

concern that inartful questioning could itself generate bias," and then making a "reasoned judgment[] in walking the line between detecting bias and creating bias." *United States v. Smith*, 919 F.3d 825, 834 (4th Cir. 2019); *see also United States v. Council*, 77 F.4th 240, 253 (4th Cir. 2023) (recognizing that, while the district court's questions to the venire "might have better homed in on a potential juror's biases, it is also possible these more pointed questions could well have exacerbated whatever prejudice might exist without substantially aiding in exposing it" (citation modified)).

Moreover, we may "not . . . micro-manage [the district court's] considered choices." *Smith*, 919 F.3d at 834. And because "trial courts possess broad discretion and great latitude in deciding what questions should be asked on voir dire," *Council*, 77 F.4th at 253 (citation modified), this court "will not reverse a district court's judgment based on assumptions about how the court would have ruled had a party attempted to ask a question it never tried to ask," *id.* at 254; *cf. United States v. Caro*, 597 F.3d 608, 616 (4th Cir. 2010) ("The undoubted fact that . . . [more] detailed questioning might have been somehow helpful to [the defendant] in exercising peremptory challenges does not suffice to show abuse of the district court's broad discretion in conducting [a more detailed] inquiry." (internal quotation marks omitted)).

The district court here expressed its concern that inquiring further into the extent of the Juror's prior involvement in a criminal case would embarrass the Juror and, thus, exercised its broad discretion to excuse the Juror for cause. While it is at least possible that the district court may have ruled differently had it inquired further into the Juror's prior involvement in the criminal case, we may not vacate the criminal judgment "based on

5

assumptions about how the court would have ruled" if it had asked the Juror questions Ricci's counsel never requested that the court ask. *See Council*, 77 F.4th at 253-54.

Moreover, rather than cite to cases in which either the Supreme Court or this court vacated a defendant's criminal conviction because a for-cause challenge was erroneously granted, Ricci insists that his "case is the inverse of *United States v. Rucker*, 557 F.2d 1046 (4th Cir. 1977)." (Appellant's Br. (ECF No. 24) at 17). The issue in *Rucker* was whether the district court committed reversible error by refusing to grant "the defendant's request for a specific inquiry into the matter" when the court was on "notice that two veniremen either were or may well have been physically or mentally incompetent to serve" based on their answers to questions on the jury questionnaire "pertaining to physical or mental impairment." *Rucker*, 557 F.2d at 1047-49.

While "the two veniremen did not actually sit on Rucker's jury, having been excused by peremptory challenges," the court concluded that "it was not within the [district] court's sound discretion to, in effect, require the defendant to exercise peremptory challenges on a speculative basis so far as their disability was concerned," *id.* at 1048, thereby reducing "the number of peremptory challenges available to the defense," *id.* at 1049. But there were no such consequences here. As Ricci acknowledges, the district court's decision to strike the Juror for cause at most "saved the government a peremptory strike that it otherwise would have lost" (Appellant's Br. at 18), but it in no way affected the number of peremptory strikes available to the defense.

Moreover, the court in *Rucker* expressly noted that its "holding is a narrow one," and it stated that holding as follows:

6

> When the district judge had reason to believe from information supplied by the veniremen . . . that one of them may well have lacked, and one did lack, physical or mental capacity to serve as jurors, the defendant's request for a specific inquiry into the matter was reasonable and should have been granted.

*Rucker*, 557 F.2d at 1049.  This holding has no application here.

Ricci also asserts that "[t]he only possible defense of the for-cause strike is that something about [the Juror's] involvement in a prior drug case somehow inherently made him impartial, regardless of his actual role in that case or whether the facts were at all similar to this case." (Appellant's Br. at 18).  According to Ricci, such a defense cannot support the district court excusing the Juror because "this [c]ourt has repeatedly held that a district court abuses its discretion if it applies a per se rule of disqualification." (*Id.*) (internal quotation marks omitted).

But the cases upon which Ricci relies do not support the proposition for which they are cited.  Indeed, each case Ricci cites in support involved a district court's alleged abuse of discretion in *seating* specific jurors who the defense claimed should have been *excused based on a per se rule of disqualification* or for actual bias.  *See Gutierrez*, 963 F.3d at 332 ("We review the district court's decisions to seat these jurors for abuse of discretion, and we will find abuse only where a per se rule of disqualification applies or where the trial court demonstrated a clear disregard for the actual bias of the juror." (internal quotation marks omitted)); *Umana*, 750 F.3d at 338 (same); *Turner*, 389 F.3d at 115-17 (stating same standard and discussing the court's reluctance to apply a per se rule of disqualification for various types of prospective jurors, including "former jurors in comparable cases, or defendants in similar suits," because the court defers to the district court's discretion in conducting voir dire).  Contrary to Ricci's assertion, none of these cases hold that, "to the

7

extent . . . the district court would have struck any prospective juror who was involved in any way with an earlier drug case, the court committed reversible error." (Appellant's Br. at 19).

Accordingly, we defer to the district court's decision to dismiss the Juror for cause, and we therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*