UNITED STATES of America, Appellee,

v.

Alec BROWN, Jr., Appellant.

No. 85–5250.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1986.

Decided Aug. 25, 1986.

William T. Mason, Jr. (Robinson, Eichler, Zaleski & Mason, Norfolk, Va., on brief), for appellant.

John K. Henebery, Sp. Asst. U.S. Atty. (Justin W. Williams, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before WIDENER, ERVIN and WILKINSON, Circuit Judges.

ERVIN, Circuit Judge:

Alec Brown is before this court a second time seeking another new trial on the criminal charges against him.[1] Brown raises several issues on appeal.[2] We have considered each argument and find that, with one exception, none have merit. The one exception involves the district court's refusal at voir dire to allow a reading of the names of government witnesses. Because we find that this refusal constituted reversible error, we vacate Brown's conviction and remand to the district court for yet another new trial.

1. Brown was charged with stealing government property in violation of 18 U.S.C. §§ 641 and 2 at a naval base in Norfolk, Virginia. Other relevant facts are set forth in our earlier opinion at *United States v. Brown,* 767 F.2d 1078 (4th Cir.1985). We see no reason to repeat those facts here.

I.

At voir dire in the trial below, Brown requested that the venirepersons be asked:

Do any of you know personally, by hearsay, or by reputation any of the following persons, who may testify in this case?

Phillip D. Butler, Special Agent, FBI
William Lester Norris, Sr.
William C. Jeffcoat, Detective, Naval Base Police Dept.
Erling Tonnesen, Special Agent, FBI
Richard Ihen Lu, Operator Sunshine Trading Company
Calvin W. Hilton, Naval Supply Center
Myron McKay, Naval Supply Center
Richard Prodigalidad, Naval Supply Center
Sidney Etherington, Naval Supply Center
Eugene T. Evans, Naval Supply Center
Larry McKenzie, Naval Supply Center
John Vorhees, Naval Supply Center
Charles Hegwood, Naval Supply Center
Mrs. Cozy Watson, Naval Supply Center

Brown contends that the trial court's refusal to ask such question effectively impaired his intelligent exercise of peremptory challenges and reduced his ability to assert challenges for cause.

The " 'essential function of voir dire is to allow for the impaneling of a fair and impartial jury through questions which permit the intelligent exercise of challenges by counsel.' " *United States v. Johnson,* 584 F.2d 148, 155 (6th Cir.1978), *cert. denied,* 440 U.S. 918, 99 S.Ct. 1239, 59 L.Ed.2d 469 (1979) (quoting *United States v. Anderson,* 562 F.2d 394, 398 (6th Cir.1977)); *see also United States v. Segal,* 534 F.2d 578 (3rd Cir.1976) (citing *Ristaino v. Ross,* 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976)). Although the trial court has broad discre-

2. Brown argues that: (1) his double jeopardy claims did not receive proper review; (2) the prospective jurors should have been asked at voir dire whether they knew any of the government witnesses; (3) the district court erred in admitting tape recordings and transcripts at trial, and allowing the jury to rehear and reread the materials; and (4) the district court improperly reinstructed the jury.

tion in the conduct of voir dire, an abuse with resulting reversible error will occur where the court's restriction hindered defendant's opportunity to make reasonable use of his challenges. *See United States v. Rucker*, 557 F.2d 1046, 1049 (4th Cir. 1977).[3]

■ In *United States v. Baldwin*, 607 F.2d 1295 (9th Cir.1979), the Ninth Circuit found reversible error where a district court refused to ask the venirepersons whether they were acquainted with the prospective witnesses. The *Baldwin* court held that " '[t]he defendant had a right to have the question answered to afford him an opportunity to exercise his ... challenges intelligently' ". *Baldwin*, 607 F.2d at 1297 (quoting *Cook v. United States*, 379 F.2d 966, 971 (5th Cir.1967)). Similarly, other circuits have held that determining whether any of the prospective jurors know the witnesses is clearly important to the question of the jurors' impartiality. *See United States v. Anderson*, 626 F.2d 1358 (8th Cir.1980), *cert. denied*, 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981); *United States v. Jackson*, 508 F.2d 1001 (7th Cir.1975); *see also Cook v. United States*, 379 F.2d 966 (5th Cir.1967). Indeed, this circuit previously stated that the better practice in voir dire is to permit the names of the witnesses to be read. *See United States v. Brown*, 767 F.2d 1078, 1084 n. 2 (4th Cir.1985) (*Brown I*).[4] In light of that admonishment, the circumstances of this case, and the law of other circuits, we find that the trial court abused its discretion, resulting in reversible error, when it refused to ask the prospective jurors if they knew any of the witnesses.

The list of witnesses consisted of only fourteen names. Thus, very little time would have been required in asking and responding to the requested question. *See Baldwin*, 607 F.2d at 1297–98 ("The few minutes which would be consumed by the asking of the question, the reading of the witness lists, and the answering of the question is outweighed by the importance of the question to the ... exercise of the ... challenge...."). In addition, the facts herein necessitated that Brown obtain the desired information in order to determine whether the prospective jurors could render a fair and impartial judgment.[5]

Nine of the fourteen witnesses were employees of the Navy. Three witnesses were law enforcement officers. At least five of the venirepersons were also naval employees and one was a law enforcement employee. This created the likelihood that the prospective jurors knew some of the witnesses. Furthermore, the jurors, having a common employment relationship with the witnesses, may have unduly given more credibility to those witnesses' testimonies. *Cf. Segal*, 534 F.2d at 581. The inability to clarify these uncertainties prevented Brown from meaningfully and intelligently exercising his challenges. Accordingly, we find that the trial court erroneously limited the scope of voir dire so as to

---

3. Likewise, other circuits have held that the trial court abuses its discretion in voir dire when the parties are denied the right to some surface information about prospective jurors which might furnish a basis for challenge. *United States v. Baldwin*, 607 F.2d 1295, 1297 (9th Cir. 1979) ("Discretion is not properly exercised if the questions are not reasonably sufficient to test the jury for bias or partiality."); *United States v. Segal*, 534 F.2d 578, 581 (3rd Cir.1976); *United States v. Jackson*, 542 F.2d 403, 413 (7th Cir.1976). Such abuse results in reversible error since the number of meaningful challenges is reduced, and "the inhibition of the right to challenge for cause or peremptorily is in that instance deemed to be prejudicial" to the defendant. *Baldwin*, 607 F.2d at 1298 (citing *United States v. Dellinger*, 472 F.2d 340, 366–77 (7th Cir.), *cert. denied*, 410 U.S. 970, 93 S.Ct. 1443, 35

L.Ed.2d 706 (1972); *United States v. Rucker*, 557 F.2d 1046, 1047–49 (4th Cir.1977)).

4. We expressed doubt in *Brown I* that it was reversible error in that trial due to the extensive voir dire involved therein. The trial in issue here, however, did not involve a voir dire of comparable extensiveness. Accordingly, *Brown I* is distinguishable from the instant case.

5. Indeed, under the current facts, without knowing the prospective witnesses' names, the venirepersons did not have sufficient knowledge to respond accurately to the question: Do you have any bias or prejudice which would prevent you from rendering a fair and impartial verdict? *See* discussion *supra*.

preclude any reasonable assurance that bias and partiality would be discovered if present. We therefore remand the case for a new trial.

VACATED AND REMANDED.