**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Larry Donnell HARRIS,
Defendant-Appellant.**

**No. 86–5576.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 5, 1987.

Decided Feb. 4, 1987.

Stephen Jon Cribari, Deputy Federal Public Defender (Fred Warren Bennett, Federal Public Defender, Beth Farber, Paralegal Specialist, Baltimore, Md., on brief), for defendant-appellant.

N. George Metcalf, Asst. U.S. Atty., Richmond, Va. (Henry E. Hudson, U.S. Atty., Alexandria, Va., on brief), for plaintiff-appellee.

Before HALL, Circuit Judge, and HAYNSWORTH and BUTZNER, Senior Circuit Judges.

PER CURIAM:

Larry Donnell Harris appeals from his conviction by a jury of resisting agents of the United States Secret Service in violation of 18 U.S.C. § 111, false personation of a United States creditor in violation of 18 U.S.C. § 914, and forgery and uttering of United States savings bonds in violation of 18 U.S.C. § 510. Finding no error, we affirm.

Harris was arrested on February 11, 1986, while attempting to cash savings bonds at the Jefferson National Bank in Richmond, Virginia. Bank employees became suspicious when they realized that Harris' physical appearance did not correspond to his proffered identification, a driver's license in the name of Harry Cason. Bank personnel summoned secret service agents who took Harris into custody after a brief struggle. It was later determined that the bonds in appellant's possession had been stolen from Cason's home in Waynesboro, Virginia, in 1985.

On appeal, Harris now contends that two reversible errors were committed during the proceedings below. First, he argues that the trial court erred by failing to read a list of the prosecution's witnesses during jury *voir dire* and to inquire whether any of the prospective jurors were acquainted with the witnesses. Alternatively, appellant contends that the trial court's action in responding to a jury query at a time when he was *not present was a violation of Fed. R.Crim.P. 43(a)* [1] mandating a new trial. We disagree with both of appellant's contentions.

---

1. Fed.R.Crim.P. 43(a) provides that:

   (a) **Presence Required.** The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

In *United States v. Brown*, 799 F.2d 134 (4th Cir.1986), this Court held that it was an abuse of discretion for the trial court to refuse to read the witness list during *voir dire* when requested to do so by the defense. In the instant case, however, Harris' counsel made no such request. Furthermore, counsel specifically stated that he was satisfied with the adequacy of *voir dire*. There is nothing in *Brown* that imposes an affirmative duty on the trial court absent a timely request for expanded *voir dire* by the defense. We, therefore, disagree with appellant's suggestion that *Brown* has any relevance in the instant appeal.

Turning to appellant's second contention, we agree that the district court committed a technical violation of Fed.R. Crim.P. 43(a) when it responded to a question posed by the jury during its deliberations at a time when the defendant was not in the courtroom. Violations of Rule 43(a) are, however, subject to a harmless error analysis pursuant to Fed.R.Crim.P. 52(a). *United States v. Arrigada*, 451 F.2d 487 (4th Cir.1971).

In this instance, the jury, after considering its verdict for approximately an hour, requested a copy of the charge on two counts of the indictment. The trial court, in the presence of counsel for both the government and the defense, announced that it would respond by "sending back the elements." No objection was made by either counsel. After the response to the jury was made, the prosecutor called the court's attention to the absence of the defendant. Harris was immediately brought into the courtroom and informed of what had occurred. In response to the court's question regarding whether he wished to comment, Harris replied, "No, Sir."

In this appeal, Harris has been unable to identify any portion of the court's communication that was confusing, misleading or prejudicial. Moreover, in light of the fact that defendant's counsel was present and that prompt remedial measures were taken by the district court, we are left with the unavoidable conclusion that "beyond any reasonable doubt the error was harmless." *Arrigada* at 489.

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.