885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl WILCOX, Defendant-Appellant.
 No. 88-5696.
 United States Court of Appeals, Fourth Circuit.
 Argued July 27, 1989.
Decided Aug. 31, 1989.
 
 Stephen Jon Cribari, Deputy Federal Defender (Fred Warren Bennett, Federal Public Defender, Denise Benvenga, Law Clerk on brief) for appellant.
 Thomas Oliver Mucklow, Assistant United States Attorney (William A. Kolibash, United States Attorney on brief) for appellee.
 Before DONALD RUSSELL, WIDENER, and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carl Wilcox appeals his convictions on two counts of distributing cocaine within 1000 feet of a public elementary school, 21 U.S.C. Secs. 841(a)(1), 845a(a). He does not contest the sufficiency of the evidence of his guilt and raises only one potential error in his one-day jury trial, the adequacy of the trial court's voir dire of his jury. Finding that the voir dire was adequate, we affirm.
 
 
 2
 In making this argument, Wilcox recognizes that the conduct of voir dire is a matter left to the sound discretion of the trial court and that we may reverse only if we find that this broad discretion has been abused. Ristaino v. Ross, 424 U.S. 589, 594-595 (1976); United States v. Brown, 799 F.2d 134, 135-136 (4th Cir.1986). Wilcox also candidly admits that he failed to object to the voir dire at trial and concedes that even if the voir dire were inadequate, this failure demands that we must uphold these convictions unless a "miscarriage of justice" would result. United States v. Pennix, 313 F.2d 524, 527 (4th Cir.1963). We need not reach the effect of appellant's procedural default, however, because our review of the record shows that the lower court did not abuse its discretion in its conduct of voir dire.
 
 
 3
 The purpose of jury voir dire is to uncover potential juror bias thereby allowing counsel to intelligently use juror challenges. Brown, 799 F.2d at 135. The lower court's voir dire was more than sufficient to fulfil this mission. Besides the standard cautionary remarks concerning reasonable doubt, presumption of innocence, and the credibility of police officer testimony, the court asked whether any member of the panel was related to or acquainted with the attorneys and whether they, any member of their family, or a close friend had ever had any experience with drugs that would make it difficult for them to sit as a juror on the case. The court also inquired whether anyone was related to or had close ties with a member of the law enforcement profession and whether anyone had prior knowledge of the case. Finally, at the request of appellant's counsel, the court inquired about prior jury duty and the nature of the cases that several of the venirepersons had previously heard. Thus, it is apparent that the court's voir dire covered the areas of obvious potential bias.
 
 
 4
 Wilcox argues, and we agree, that the main problem with this voir dire was the trial court's failure to read to the jury the names of potential witnesses to see if the venirepersons were acquainted with any of them. In Brown, we affirmed that reading of the witness list is the preferred practice and that a trial court's refusal to do so was reversible error. Id. at 136. This case is, of course, readily distinguishable from Brown because here the appellant did not request that the list be read, or for that matter, object to the voir dire in any respect.[1] In United States v. Harris, 814 F.2d 155, 157 (4th Cir.1987), we recognized this distinction and held that a trial court's failure to sua sponte read the witness list was not an abuse of discretion. Harris is squarely controlling on this point and, accordingly, in view of the otherwise adequate voir dire, these convictions are affirmed.[2]
 
 
 5
 AFFIRMED.FN1 This case is also easily distinguished from Brown on its facts. In Brown, nine of the fourteen witnesses were naval employees as were five of the venirepersons. Likewise, at least one panel member and three witnesses were law enforcement employees. No such obvious potential biases are present in this case.
 
 
 
 [2]
 Because the lower court's voir dire was adequate, we also reject appellant's claim that his trial attorney's performance during voir dire constituted ineffective assistance