960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Eric M. FREEDLANDER, Defendant-Appellant.
 No. 91-5666.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 6, 1992
Decided: April 29, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CR-91-18-R)
 ARGUED: Russell C. Williams, Richmond, Va., for appellant.
 Justin W. Williams, Assistant United States Attorney, Alexandria, Va., for appellee.
 On Brief: Richard Cullen, United States Attorney, David T. Maguire, Assistant United States Attorney, Stephen P. Learned, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant Eric Freedlander appeals his conviction on 79 counts of conspiracy, false reports to a financial institution, wire fraud, bank fraud, travel fraud, and misapplication of funds. Each of these counts stemmed from a wide-ranging scheme devised by Freedlander involving the fraudulent sale and servicing of second mortgages. The trial of this case took eight days, during which the prosecution presented overwhelming evidence of Freedlander's criminal misconduct. Freedlander now alleges three separate grounds of error. Finding none of these to have merit, we affirm the judgment of the district court.
 
 I.
 
 2
 Freedlander's first allegation of error concerns the failure of the district court to individually question prospective jurors during voir dire on their exposure to pretrial publicity. Freedlander had filed a pretrial motion seeking individual questioning of prospective jurors. He also moved the court in that same motion to inquire as to the content of information with respect to the case that protective jurors had received. The trial court did not rule on the motions prior to or during the trial.* During the course of the voir dire, counsel for Freedlander never renewed these motions and never requested either individual questioning of prospective jurors or the inclusion of "content" questions. Indeed, the defense remained silent on these matters even when the district court directly asked defense counsel if he was satisfied with the voir dire that had been conducted. As a result of this failure to call the alleged errors to the district court's attention while there was an opportunity to correct them, we believe that defendant has waived his objections. See United States v. LaRouche, 896 F.2d 815, 829 (4th Cir. 1990); King v. Jones, 824 F.2d 324, 326 (4th Cir. 1987).
 
 
 3
 In any event, the objections have no merit. "[W]ide discretion [is] granted to the trial court in conducting voir dire in the area of pretrial publicity." Mu'Min v. Virginia, 111 S. Ct. 1899, 1906 (1991); see also United States v. Bakker, 925 F.2d 728, 733 (4th Cir. 1991). As appellant concedes, there is no requirement that a district judge question prospective jurors individually, Bakker, 925 F.2d at 734, or that "content" questions be posed in cases involving pretrial publicity. Mu'Min, 111 S. Ct. at 1905.
 
 
 4
 Any alleged error regarding these matters would thus have to amount to an abuse of discretion in order to merit reversal. There was no such abuse here. After ascertaining which prospective jurors had heard or seen anything about the case prior to trial, the district court asked the following questions related to pretrial publicity to the group as a whole:
 
 
 5
 Did this publicity come to your attention through your normal interest in current affairs and things of that nature? I take it that all of you are saying yes.
 
 
 6
 Now, following your exposure to it either through the newspapers, the radio, or the television, did you form or express any opinions about the case? Again, I take it that your silence is a negative answer.
 
 
 7
 And after it was called to your attention, either through the newspapers, the radio, word of mouth, or television, did any of you take any follow-up action to find out more about the case than what you were exposed to through the media? I take it that your silence is, again, a negative answer.
 
 
 8
 And would any of you be in any way influenced by the exposure that you received from the media about the case? Again, I take your silence to be a negative answer. Thank you.
 
 
 9
 When later asked by the court if the defense was satisfied with the voir dire that had been conducted, counsel for Freedlander suggested that the court may not have provided a sufficient amount of time for potential jurors to answer the questions on pretrial publicity. The district court then made the following statement to the prospective jurors:
 
 
 10
 Ladies and gentlemen, counsel have quite properly called to my attention that when I was talking about publicity, that I didn't dwell on it too long, but immediately went on to some other subject.
 
 
 11
 Now that you have had an opportunity to reflect on publicity that you may have been exposed to in the case, does it occur to any of you that you may be biased because of publicity that you have been exposed to in the case; and if so, just hold up your hands. Again, I take it that your silence is a negative answer.
 
 
 12
 The voir dire conducted by the district court on the issue of pretrial publicity was thus thorough and responsive to counsel's requests, and we find appellant's challenges to its conduct to be unfounded.
 
 II.
 
 13
 Freedlander next contests the district court's upward departure from the Sentencing Guidelines on the basis of Freedlander's role in causing a loss of confidence in First Jersey Savings and Loan Association. The district court relied on Application Note 9 of § 2F1.1, which states that an upward departure may be warranted when a defendant's fraud "caused a loss of confidence in an important institution." United States Sentencing Commission, Guidelines Manual § 2F1.1, comment. n.9(e) (Nov. 1990) (see Application Note 10(e) in the current version of the Guidelines). As support for its determination that a loss of confidence had occurred, the district court found that First Jersey had gone into receivership on February 8, 1991, and that over half of the institution's insolvency was due to losses resulting from the second mortgages it had purchased from Freedlander's company. The district court concluded that a four-point enhancement was justified due to this loss of confidence.
 
 
 14
 Freedlander first contends that there was no direct evidence that anyone lost confidence in First Jersey as a result of his actions. "[W]e review the factual support in the record for the ... circumstances [that merit an upward departure] under a clearly erroneous standard." United States v. Palinkas, 938 F.2d 456, 461 (4th Cir. 1991). We find no such error here. Testimony from a First Jersey official supports the district court's conclusion that over half of the $4 million insolvency at that institution stemmed from its portfolio of Freedlander mortgages. The district court's view that Freedlander caused a loss of confidence in an important financial institution thus finds ample support in the record.
 
 
 15
 Freedlander also contends that, even if an upward adjustment was justified, the four-point enhancement was unreasonable. Whether the extent of the district court's departure from the Guidelines is reasonable is reviewed according to an abuse of discretion standard. Palinkas, 938 F.2d at 461. Freedlander contends that the relatively small amount of First Jersey's losses compared to the total losses at issue in this case makes a large enhancement for the loss of confidence in First Jersey unreasonable. Application Note 9, however, is expressly designed to cover instances where "[d]ollar loss ... does not fully capture the harmfulness and seriousness of the conduct." U.S.S.G. § 2F1.1, comment. n.9 (Nov. 1990). Finding no merit to appellant's other claims that the four-point enhancement was unreasonable, we hold that there was no abuse of discretion on this point.
 
 III.
 
 16
 Appellant also alleges that insufficient evidence was presented to support the jury's guilty verdict on two counts involving the defrauding of First Jersey Savings and Loan. We believe, however, that more than sufficient evidence was introduced at trial to support the verdict on these counts.
 
 IV.
 
 17
 For the foregoing reasons, the judgment of the district court is
 
 
 18
 AFFIRMED.
 
 
 
 *
 Pursuant to a Rule 36 motion filed by appellant in January 1992, more than six months after the end of the trial, the district court entered an order on January 13, 1992, denying the defendant's jury selection motions nunc pro tunc