**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARK ALAN STREPKA,

     Plaintiff-Appellant,

v.

GREG MILLER, So. Metro Task;
OFFICER COLLINS, So. Metro Task;
CHRISTOPHER CROSS, Arap. Cty.
J.; GREG NOZUM,

     Defendants-Appellees,

SCOTT JONES, So. Metro Task;
KELLY MARTIN, So. Metro Task;
C. KLOPPENBERG, So. Metro Task;
J. GORDANIER, So. Metro Task;
RONALD BEATTY, Arap. Cty. S.O.;
PATRICK J. SULLIVAN, JR., Sheriff;
JERRY ROSENBAUGH, C.B.I.;
J. FORSTER, Denver Dist. D.E.A.;
DIRECTOR OF C.B.I.; DIRECTOR
DENVER DIST. D.E.A.; NAT'L
ADMIN. D.E.A.; EXECUTIVE
DIRECTOR OF PUBLIC SAFETY,

     Defendants.

No. 00-1294 and 00-1389
(D.C. No. 99-D-902)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order

(continued...)

Before **HENRY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Plaintiff sued the federal and local officers who arrested him, and the state judge who later issued an order to detain him, for violating his constitutional right to a prompt judicial determination of probable cause following his warrantless arrest. The district court dismissed the complaint and denied leave to amend. We must decide if plaintiff's allegations, either with or without amendment, are sufficient to establish that any of the defendants are liable for the alleged constitutional violation.

In assessing the sufficiency of plaintiff's allegations, we must "accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Benefield v. McDowall* , 241 F.3d 1267, 1270 (10th Cir. 2001) (quotation omitted). Because plaintiff is proceeding pro se, we

*(...continued)
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

also must liberally construe the allegations of his complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This liberal construction, however, does not obligate us either to "supply additional factual allegations to round out a plaintiff's complaint or [to] construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff alleged that Officers Miller and Collins of the South Metro Task Force[1] and Agent Nozum of the federal Drug Enforcement Agency arrested him without a warrant in Blackhawk, Colorado.[2] Following his arrest, plaintiff was transported to the Gilpin County Jail, where he was held for three days. Gilpin County officers then transported plaintiff to a detention facility in Jefferson County, where he was held for one day. Finally, Arapahoe County officers transported plaintiff to a detention facility in Arapahoe County. Plaintiff was not taken before a judge during any of this time. It was not until the fifth day following his arrest that he appeared before Arapahoe County Judge Cross, who advised him of his rights. Several hours before that, Judge Cross made a finding of probable cause and signed an order to detain plaintiff.

---

[1] This is a local multi-jurisdictional task force. Although members of the task force, Officers Miller and Collins were actually policemen for the City of Sheridan.

[2] Plaintiff originally sued ten arresting officers and various supervisors, but later filed a motion dismissing all but these three officers. For purposes of this appeal, we refer only to these three defendants as the arresting officers.

Plaintiff alleged that being held in excess of forty-eight hours without being released on bail or taken before a neutral magistrate for a determination of probable cause violated his constitutional rights. He further alleged that Judge Cross acted outside his authority when he made the probable cause determination more than forty-eight hours after plaintiff's arrest, and he violated plaintiff's rights when he made the determination before plaintiff appeared in court. Plaintiff purported to bring his claims pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 (and, presumably pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[3]). He sought money damages from the three arresting officers and injunctive relief against Judge Cross.

Each defendant moved to dismiss plaintiff's complaint, arguing, among other things, that he was entitled to qualified immunity. In addition, Agent Nozum argued that sovereign immunity barred any claim against him in his official capacity, and Judge Cross argued both that absolute immunity barred any claim against him for money damages and that Eleventh Amendment immunity barred any claim against him in his official capacity. Without distinguishing

---

[3] The form provided by the District of Colorado for prisoner civil rights cases directs prisoners to choose between either 42 U.S.C. § 1983 or *Bivens* (and 28 U.S.C. § 1331) as the basis for the court's jurisdiction, and states that the former is for use by state prisoners and the latter is for use by federal prisoners. As a state prisoner, plaintiff understandably checked the line for § 1983, but not the line for *Bivens.*

between official and individual capacity claims, the district court applied a qualified immunity analysis to all plaintiff's claims, granted the motions to dismiss on that basis, and dismissed the case with prejudice.

Thereafter, plaintiff filed a motion challenging the dismissal and seeking leave to amend his complaint to add further allegations against defendants. Plaintiff submitted a proposed amended complaint with his motion. The district court construed the motion as one under Federal Rule of Civil Procedure 59(e) and denied it. Plaintiff now appeals, challenging both the dismissal of his complaint and the denial of his motion to amend.

At the outset, we must determine in what capacity plaintiff intended to sue defendants. Plaintiff did not clearly indicate his intent in his complaint, so we must review "the course of proceedings" to find the answer. *Houston v. Reich*, 932 F.2d 883, 885 (10th Cir.1991). Our review reveals that plaintiff intended to sue defendants in both their individual and official capacities, and we will liberally construe plaintiff's complaint as asserting both types of claims.

Turning first to the individual capacity claims, the Supreme Court has recognized a qualified immunity defense both for § 1983 claims against state officials and *Bivens* claims against federal officials. *See Johnson v. Fankell*, 520 U.S. 911, 914 (1997). "In both situations, officials performing discretionary function[s], generally are shielded from liability for civil damages insofar as their

-5-

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 914-15 (quotation omitted; alteration in original). "Once a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law." *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001), *cert. denied*, 70 U.S.L.W. 3163 (U.S. Nov. 13, 2001) (No. 01-382), *and cert. denied*, 70 U.S.L.W. 3270 (U.S. Nov. 13, 2001) (No. 01-551). [4]

"[T]he Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). "[T]his determination must be made by a judicial officer either before or promptly after arrest." *Id.* at 125. "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein.*" *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). "Where an arrested individual does not receive a probable cause determination within 48 hours, the calculus changes. In such a case, the arrested individual does

---

[4]    In reviewing plaintiff's allegations, we are mindful that we no longer apply a heightened pleading standard to plaintiff's complaint, despite defendants' assertion of a qualified immunity defense. *See Currier*, 242 F.3d at 916. Rather, we review the complaint under the traditional standards applicable to a motion to dismiss. *Id.* at 917.

not bear the burden of proving an unreasonable delay. Rather, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Id.* at 57. Even if an arrested individual receives a probable cause determination within forty-eight hours of arrest,

> [s]uch hearing may nonetheless violate *Gerstein* if the arrested individual can prove that his or her probable cause determination was delayed unreasonably. Examples of unreasonable delay are delays for the purposes of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake.

*Id.* at 56.

The determination of probable cause can be made "reliably without an adversary hearing. The standard is the same as that for arrest. That standard–probable cause to believe the suspect has committed a crime–traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony . . . ." *Gerstein*, 420 U.S. at 120 (footnote omitted). Thus, the determination can be made ex parte, without the presence of the arrestee. *See Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994); *King v. Jones*, 824 F.2d 324, 327 (4th Cir. 1987).

Plaintiff had a constitutional right to a prompt judicial determination of probable cause following his warrantless arrest. Plaintiff's allegations, taken as

-7-

true, established that he was deprived of that right by someone.[5] To state a claim for violation of a constitutional right against these particular defendants, however, plaintiff had to allege facts showing that each defendant personally participated in or caused the constitutional violation. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."); *Kite v. Kelley*, 546 F.2d 334, 338 (10th Cir. 1976) (holding same as to *Bivens* claim).

Even under the most liberal construction, plaintiff's complaint was devoid of any allegations showing that any of the arresting officers caused or participated in the delay in providing plaintiff a prompt probable cause determination. Likewise, the complaint contained no allegations showing Judge Cross caused or contributed to that delay. Judge Cross made a determination of probable cause promptly after plaintiff was delivered into the custody of Arapahoe County. Because plaintiff had no constitutional right to be present for that probable cause determination, Judge Cross did not violate plaintiff's constitutional rights by making the determination in advance of plaintiff's first appearance before him.

---

[5] In their brief on appeal, Officers Miller and Collins state that they have discovered that a Jefferson County judge actually made an ex parte probable cause determination within forty-eight hours of plaintiff's arrest. Because this fact was not raised in the district court, and the officers do not provide us with sufficient information to enable us to take judicial notice of this fact on appeal, we will not consider it in our analysis.

In the absence of any facts showing that defendants violated his constitutional rights, the district court properly dismissed plaintiff's claims against the individual defendants on qualified immunity grounds.

Although the district court did not separately analyze plaintiff's claims against defendants in their official capacities, its dismissal of those claims also was correct. An official capacity claim against a government officer is really a claim against the government that employs that officer. *See Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998). Plaintiff's official capacity claims against Agent Nozum, therefore, were really claims against the United States, and were barred by sovereign immunity in the absence of a waiver. *See Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir. 1989). Plaintiff did not identify any waiver of sovereign immunity for the type of claims he asserted, and we know of none. Therefore, plaintiff's official capacity claims against Agent Nozum were barred.

Plaintiff's official capacity claims against Judge Cross were really claims against the State of Colorado. The Eleventh Amendment "generally bars suits brought by individuals against state officials acting in their official capacities. This bar does not apply, however, if the state waives its sovereign immunity, if Congress validly abrogates the state's immunity, or if the suit falls within the legal fiction of *Ex parte Young*, 209 U.S. 123 . . . (1908)." *Harris v. Owens*,

264 F.3d 1282, 1289-90 (10th Cir. 2001). Plaintiff did not identify any waiver of immunity by the State or any abrogation of that immunity by Congress. *Ex parte Young* creates an exception to Eleventh Amendment immunity for a suit against a state official that "seeks prospective relief for the official['s] ongoing violation of federal law." *Id.* at 1290. But "the doctrine [does] not go so far as to allow federal jurisdiction over a suit that seeks to redress past wrongs–only ongoing violations are covered." *ANR Pipeline Co. v. LaFaver*, 150 F.3d 1178, 1189 (10th Cir. 1998). Plaintiff's official capacity claims against Judge Cross sought only to redress past wrongs and alleged no ongoing violations of federal law. Therefore, those claims were barred by the Eleventh Amendment.

Plaintiff's official capacity claims against Officers Miller and Collins were really claims against the local government that employed them.

> Under 42 U.S.C. § 1983, a local government may be held liable for the constitutional violation of its employees only when employee action pursuant to official municipal policy . . . caused a constitutional tort. Therefore, to establish municipal liability a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged.

*Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997) (citation and quotations omitted; alteration in original). Plaintiff did not allege any municipal custom or policy in his complaint, much less a link between that custom or policy and the

violation. Therefore, the district court properly dismissed the claims against Officers Miller and Collins in their official capacities.

Likewise, although the district court did not separately analyze plaintiff's § 1985(3) and § 1986 claims, it properly dismissed those claims as well. To state a claim under § 1985(3), plaintiff had to allege that defendants conspired to deprive him of equal protection or equal privileges and immunities. Not only did plaintiff fail to sufficiently allege any conspiracy among defendants, but he did not allege any race or class-based animus on their part. In the absence of these allegations, plaintiff's complaint failed to state a claim for relief under § 1985(3). *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994). By definition, plaintiff's § 1986 claim fell with his § 1985 claim.

After the district court dismissed his complaint, plaintiff filed a Rule 59(e) motion objecting to the dismissal and seeking leave to amend. Plaintiff also filed a proposed amended complaint. "[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996) (quotation omitted; alteration in original). The district court denied the Rule 59 motion without specifically commenting on the request for leave to amend. We review the district court's denial of the Rule 59 motion and its implicit denial of the motion for leave to amend under an abuse of discretion

standard. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (Rule 59 motion); *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) (post-judgment motion to amend).

The only ground for relief plaintiff asserted in his Rule 59 motion was that he should be given an opportunity to amend his complaint to cure the deficiencies brought to light in the district court's dismissal order. Plaintiff proposed amending his complaint to include the following allegations. Officer Miller arrested him without a warrant in a "foreign" county and neither released him when no evidence was discovered at the time of his arrest nor ensured that he was taken before a judge for a probable cause determination. Instead, Officer Miller had plaintiff held in jail in a county that had no prosecutorial interest in him and, by inference, no interest in providing him a prompt probable cause determination, while he obtained and executed a search warrant of plaintiff's temporary residence in the hope of finding some evidence to support the arrest. Officer Miller also acted in furtherance of a county policy not to transport prisoners in a car without a cage, which delayed plaintiff's transport to a detention facility in Arapahoe County, which did have a prosecutorial interest in him. [6] Plaintiff made

_____

[6] In their motion to dismiss, Officers Miller and Collins explained that plaintiff was transported to the Gilpin County jail by Blackhawk police officers because the arresting officers, being undercover, were in vehicles that did not have cages, and municipal policy prohibited them from transporting a prisoner in
<span style="float:right">(continued...)</span>

similar allegations against Officer Collins and Agent Nozum, except that he did not allege any involvement by Officer Collins in the search warrant. These proposed allegations, together with all reasonable inferences, described conduct on the part of the officers that plaintiff might have been able to prove contributed to an unreasonable delay.

Although the proposed allegations were probably sufficient to state a claim for relief against at least Officer Miller and Agent Nozum, the interests of judicial economy counsel against remanding the action to allow plaintiff to proceed on those allegations. If we were to remand, the officers would undoubtedly reassert their claim that they are entitled to qualified immunity because the law was not clearly established that an arresting officer had a constitutional duty to ensure that an arrested individual received a prompt probable cause determination.

"Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Currier*, 242 F.3d at 923 (quotation omitted). Although Supreme Court opinions have clearly established the right to a prompt probable cause determination, they have not established that the duty to ensure that right

---

[6](...continued)
a car without a cage.

rests with the arresting officer. Nor have any Tenth Circuit cases–or the majority of cases from other circuits–so held. Because remanding the action to the district court to proceed on plaintiff's amended complaint would serve no useful purpose and would disserve the interests of judicial economy, we will uphold the district court's denial of plaintiff's post-judgment motion to amend his complaint.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. Plaintiff's motion to exceed the line count on his reply brief is GRANTED. Plaintiff's objection to Officers Miller and Collins filing a separate appellees' brief is DENIED. Plaintiff's motion to strike a reference in those officers' brief to facts not raised in the district court is DENIED as moot. Plaintiff is reminded of his continuing obligation to make partial payments of his filing fee until that fee is paid in full.

                                        Entered for the Court


                                        John C. Porfilio
                                        Circuit Judge