**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4553**

———————

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

JOEL RENATO FLOWERS,

                                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (CR-04-185)

———————

Submitted:  February 24, 2006        Decided:  March 29, 2006

———————

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Andrew R. Sebok, Norfolk, Virginia, for Appellant.   Paul J. McNulty, United States Attorney, William D. Muhr, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant, Joel Renato Flowers, appeals his conviction on counts of conspiracy to possess with intent to distribute crack cocaine, possession with intent to distribute cocaine, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. See J.A. 344.

On appeal, Flowers argues that there was insufficient evidence to convict him of a conspiracy to possess with intent to distribute crack. We must uphold a jury's verdict as supported by substantial evidence if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Burks v. United States, 437 U.S. 1, 17 (1978); Jackson v. Virginia, 443 U.S. 307, 319 (1979). At trial, the government introduced the following evidence: Flowers and his co-defendant, Kimbrough, were parked in a car late at night in an area known for drug trafficking, J.A. 133-38, 179-84; when police officers turned down the street on which the car was parked, a man was leaning up against the side of the car, and that man fled when he noticed the police car approaching, id.; when the officers looked into the car, Flowers' co-defendant had on his lap $125 in cash, id. at 133-38, 179-84; a search of Flowers' person found more than $1600 cash and a search of the car found large amounts of money and drugs, id. at 210-11, 146-52, 226-27. Viewing this evidence in the light most

favorable to the government, a rational trier of fact could have found that Flowers was a participant in a conspiracy to possess with intent to distribute crack. Therefore, substantial evidence supports the jury's verdict.

Flowers also appeals the district court's failure to suppress evidence obtained in police searches of Kimbrough's car and of Flowers' person. The district court held that the evidence obtained from the search of the car should not be suppressed because Kimbrough, the driver of the car, consented to the search. Id. at 102. Flowers lacks standing to challenge the search of Kimbrough's car. A passenger does not have a "legitimate expectation of privacy in the car" driven by the owner "such that [the passenger can] raise a Fourth Amendment challenge to a search of the car's interior." United States v. Rusher, 966 F.2d 868, 874 (4th Cir. 1992) (relying on Rakas v. Illinois, 439 U.S. 128, 148-49 (1978)). Because Flowers did not have a legitimate expectation of privacy in Kimbrough's car, he cannot raise an objection to the search of the car or to the district court's failure to suppress evidence discovered in that search.[1] Flowers' challenge to the

---

[1]Flowers argues that the police officers took Kimbrough and him into custody by taking their identification cards. Because the officers had taken Kimbrough and Flowers into custody but had not read them their Miranda rights when Kimbrough consented to the search of the car, Flowers argues that "[a]ll of the evidence thus obtained from the car, Kimbrough and/or Flowers, was, therefore, illegally obtained and should have been held inadmissible." Leaving aside the question whether Kimbrough and Flowers were "in custody" for purposes of Miranda by virtue of the officers'

-3-

district court's failure to suppress evidence taken from his person is likewise unavailing. That evidence was taken from Flowers' person in a search incident to arrest, which search was reasonable. Chimel v. California, 395 U.S. 752, 762-63 (1969) (stating that "it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction").

Additionally, Flowers argues that the district court committed plain error during voir dire by failing to ask more questions of jurors who admitted to having relatives convicted of drug crimes. At voir dire, the district court asked the jurors if "you or a member of your family or close personal friends, [have] been the victim of a drug crime, that is, they've been victimized because drugs were in some way involved." J.A. 118. Five jurors volunteered that they had some connection to a person who had been or was accused of having been involved in drug crime. Id. at 119. The district court then asked those five jurors whether they were able, "notwithstanding the problems you have in your family or friends because of drugs, to come into this case and honestly

---

possession of their identification cards, Flowers' apparent argument that the alleged Miranda violation required suppression of the physical fruits of unwarned statements is meritless. The Supreme Court squarely foreclosed this argument in United States v. Patane, 542 U.S. 630 (2004), which held that the failure to read a suspect his Miranda rights does not require "suppression of the physical fruits of the suspect's unwarned but voluntary statements." Id. at 634.

render a fair and impartial verdict based on the law and the facts." Id. at 120. None of the jurors stood up to indicate that they could not render a fair and impartial verdict. Id. The district court repeated the same pattern of questioning with regard to addiction to drugs, id. at 120-21, and none of the jurors who had a connection to drug addiction indicated that they could not render a fair and impartial verdict either, id. at 121. The district court did not strike any of these jurors for cause, id. at 126, Flowers did not ask that the district court strike any of these jurors for cause, id., and Flowers did not object to the district court's examination of the jurors or suggest that the district court ask more questions during voir dire, see id. at 132 ("The Court: Are there any matters you wish to take up with the Court regarding the jury selection? Mr. Robinson: None from the defense, Your Honor.").

A defendant must make a specific objection or request during voir dire in order to preserve that objection for appeal. United States v. LaRouche, 896 F.2d 815, 829 (4th Cir. 1990); King v. Jones, 824 F.2d 324, 326 (4th Cir. 1987) ("If there are particular voir dire questions which counsel deems essential, and that refusal to ask them may be reversible error, counsel must so advise the court, and state his reasons before the court's voir dire of the prospective jurors is completed."). Because, during voir dire, Flowers neither made an objection to the district court's

-5-

questioning nor requested further questioning, Flowers has waived any objection to the district court's voir dire questioning regarding jurors' connections to drug crime and drug addiction.

Finally, Flowers contends that there was insufficient evidence to convict him of possession of a firearm in furtherance of a drug trafficking crime.  Flowers argues that he did not commit a drug trafficking crime and never possessed a firearm.  There is substantial evidence to support the jury's finding that Flowers was trafficking drugs.  See J.A. 133-38, 179-84.  Two police officers testified that Flowers appeared to be a participant in a drug sale when the officers happened upon him, id. at 136, 182, and, when the car in which Flowers was a passenger was searched, large sums of money and drugs were found inside, see id. at 141.  There is also substantial evidence to support the jury's finding that Flowers possessed a firearm.  The officer who arrested Flowers testified that Flowers pulled out a gun and tossed it into a field while the officer was pursuing Flowers.  Id. at 143-44.  A rational juror could conclude that Flowers possessed the gun and that his possession furthered drug trafficking.  Therefore, substantial evidence supports the jury's verdict convicting Flowers of possession of a firearm in furtherance of a drug trafficking crime.[2]

---

[2]In the "statement of issues presented for review" portion of Flowers' brief, Flowers lists as an issue: "Did the trial court's actions in answering a question from the jury and allowing the

For the reasons stated herein, the judgment of the district court is affirmed.

<u>AFFIRMED</u>

removal of previously introduced evidence violate Flowers' right to a fair trial?"  However, Flowers never addressed this issue in his brief.  Because Flowers did not brief this issue we do not consider it.