382 F.3d 1052
 Carolyn JONES, Plaintiff-Appellant,
v.
CITY OF SANTA MONICA; Dean Oshiro; Alfredo Palma, Sr.; Lori Flores; Kathy Keane; Michael Braaten; Gerardo Leyva; Joseph Sikorra; Cynthia Gilbert; Ira Rutan, Defendants-Appellees.
 No. 03-55211.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 3, 2004.
 Filed September 10, 2004.
 
 Paul L. Mills, Los Angeles, California, for the plaintiff-appellant.
 Anthony P. Serritella, Deputy City Attorney, Santa Monica, California, for the defendants-appellees.
 Appeal from the United States District Court for the Central District of California; William J. Rea, District Judge, Presiding. D.C. No. CV-01-09102-WJR.
 Before: CANBY, HANSEN,* and RAWLINSON, Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 This appeal in a civil rights action brought pursuant to 42 U.S.C. § 1983 requires us to determine the constitutionality of the City of Santa Monica's procedure for determining probable cause after a warrantless arrest. Petitioner Carolyn Jones asserts that the City's procedure violates the Fourth and Fourteenth Amendments because it does not provide an arrestee with an opportunity for personal appearance before the magistrate at the time the probable cause determination is made and because the application for probable cause submitted to the magistrate is made on a pre-printed form. We conclude that the City's procedure does not violate the Constitution.
 
 
 2
 Jones also contends that the City failed to meet Fourth Amendment standards of establishing probable cause in her particular case. A trial was held on that issue and at its conclusion the district court granted the City judgment as a matter of law. We dismiss Jones's appeal of that ruling because she failed to provide a trial transcript sufficient to permit appellate review.
 
 Factual Background
 
 3
 On October 20, 2000, Jones was arrested without a warrant for grand theft, in violation of CAL. PENAL CODE § 487(b)(3), and the fraudulent use of a credit card, in violation of CAL. PENAL CODE § 484f(b). A co-worker had reported that her wallet had been stolen and fraudulent charges made on her credit cards. A grocery store clerk identified Jones from a photograph as the woman who had charged over $300 worth of groceries on the victim's Discover Card. Police went to Jones's apartment and a consensual search revealed several bags of groceries without receipts. The police then arrested Jones.
 
 
 4
 Jones was booked the same night of October 20, 2000, and the Santa Monica Police Department initiated the process of securing a post-arrest probable cause determination. In Santa Monica, the typical practice is for the arresting officer to fill out a pre-printed application for probable cause, sign it, and then send the application, along with the relevant police reports and records, to the superior court for a post-arrest probable cause determination. A magistrate then has 48 hours to grant or deny the application.
 
 
 5
 In this case, it was not the arresting officer, Officer Dean Oshiro, who filled out the application for probable cause, but rather Officer Oshiro's watch commander, Sergeant Kathy Keane. Because the petitioner failed to file a trial transcript on appeal, it is not clear why Sergeant Keane filled out the form. It also is not clear what records and reports were attached to the probable cause application when it was sent to the superior court. The magistrate, however, determined that the package sent to him substantiated a finding of probable cause and he made that determination on October 22, 2000 at 1:10 p.m., 38 hours and 40 minutes after Jones's arrest.
 
 
 6
 Jones was released the following day, after further investigation revealed insufficient grounds to charge her. She thereafter filed a 42 U.S.C. § 1983 complaint in district court against the City and numerous police officers and jailers (collectively "the City") involved in her arrest and detention, alleging violations of the Fourth and Fourteenth Amendments. Jones also asserted a First Amendment claim and state-law claims, the dismissals of which are not challenged on this appeal.[1] The district court denied Jones's motion for summary adjudication of the § 1983 claims, and dismissed all of the jailers and some of the officers as defendants. The rest of the action proceeded to trial.
 
 
 7
 At the close of all the evidence, the district court granted the City's motion for judgment as a matter of law under FED. R. CIV. P. 50(b). Jones appeals, contending that she should have been granted summary judgment and challenging the grant to the City of judgment as a matter of law.
 
 Standard of Review
 
 8
 We review de novo a district court's grant of judgment as a matter of law. See Horphag Research Ltd. v. Pellegrini, 337 F.3d 1036, 1040 (9th Cir.2003).
 
 
 9
 The City's Post-Arrest Probable Cause Procedure
 
 
 10
 In Santa Monica, the police use a pre-printed "Application for Post-Arrest Probable Cause Determination" when an arrest is made without a warrant. This application form has the following typewritten statement:
 
 
 11
 The undersigned is employed as a peace officer for the City of Santa Monica Police Department and has attached hereto and incorporated by reference official reports and records of a law enforcement agency. These reports were prepared by law enforcement officers and contain factual information and statements obtained from victims, witnesses, and others which establish the probable cause to make an arrest as described below[.]
 
 
 12
 The form then contains space for an officer to fill in the case number, the name of the person arrested, the alleged offenses, and the date and time of arrest. The form requires a signed declaration, under penalty of perjury, that the "foregoing is true and correct to the best of my knowledge and belief." The officer who makes the arrest typically fills out and signs the application form and submits it, along with the relevant reports and records, to the superior court for a probable cause determination.
 
 
 13
 The lower half of the form is a pre-printed "Probable Cause Determination," which provides the magistrate with two check-boxes—one for a determination that there is probable cause and one for a determination that there is not. The magistrate checks one of these boxes and then signs and dates the form. If the judge does not return the probable cause application within 48 hours of the time of arrest, or returns it with a determination that there is no probable cause, the arrestee is released. We conclude that this procedure on its face does not violate the Fourth or Fourteenth Amendments.
 
 
 14
 When a person is arrested without the benefit of a warrant supported by probable cause, the Fourth Amendment requires a judicial determination of probable cause to occur "promptly" after their arrest. See Gerstein v. Pugh, 420 U.S. 103, 125, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). This judicial determination, however, may be informal and non-adversarial, see id. at 120-21, 95 S.Ct. 854, and the Supreme Court has left to the States wide latitude to fashion probable cause determinations that "accord with a State's pretrial procedure viewed as a whole." Id. at 123, 95 S.Ct. 854. Under the Fourth Amendment, a state's post-arrest probable cause determination is sufficient so long as it "provide[s] a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty... either before or promptly after arrest." Id. at 125, 95 S.Ct. 854.
 
 
 15
 The City of Santa Monica's procedure provides such a prompt, fair, and reliable determination. The City requires a probable cause determination to be made by a magistrate within 48 hours of a suspect's arrest. This is sufficiently prompt. See County of Riverside v. McLaughlin, 500 U.S. 44, 56, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991).[2] The City does not provide for the personal appearance of the suspect at the post-arrest probable cause determination, but the Constitution does not require a personal appearance. See Garcia v. City of Chicago, 24 F.3d 966, 969-70 (7th Cir.1994); King v. Jones, 824 F.2d 324, 327 (4th Cir.1987). Although the Supreme Court in Gerstein stated that States may choose to incorporate a post-arrest probable cause determination into the suspect's first appearance before a judicial officer or into the procedure for setting bail (thereby involving a personal appearance), see Gerstein, 420 U.S. at 123-24, 95 S.Ct. 854, such incorporation was a suggestion, not a constitutional requirement. The Supreme Court further stated: The sole issue is whether there is probable cause for detaining the arrested person pending further proceedings. This issue can be determined reliably without an adversary hearing. The standard is the same as that for arrest. That standard—probable cause to believe the suspect has committed a crime—traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal methods of proof.
 
 
 16
 Gerstein, 420 U.S. at 120, 95 S.Ct. 854 (footnote omitted). A post-arrest probable cause determination performs the same function for those arrested without warrants as a pre-arrest probable cause determination does for suspects arrested with warrants. See King, 824 F.2d at 327; Wisconsin v. Koch, 175 Wis.2d 684, 499 N.W.2d 152, 160 (1993); see also Gerstein, 420 U.S. at 120, 95 S.Ct. 854. Just as probable cause for an arrest warrant may be determined without an appearance by the suspect, so may probable cause for detention after a warrantless arrest. See King, 824 F.2d at 327; Koch, 499 N.W.2d at 159-60.
 
 
 17
 There is also no constitutional infirmity in the City's probable cause determination process simply because the application is made on a pre-printed form. We have held that a pre-printed warrant application submitted to a judge for a determination of probable cause is sufficient, so long as it is accompanied by an affidavit that sets forth the facts supporting probable cause and sufficiently incorporates the affidavit. See United States v. Vesikuru, 314 F.3d 1116, 1120-21(9th Cir.2002); see also United States v. White, 356 F.3d 865, 869 (8th Cir.2004) (finding a pre-printed warrant application submitted with an affidavit sufficient to support a finding of probable cause, even though the warrant had the wrong date typed on it). Similarly, a pre-printed probable cause application is sufficient so long as it is accompanied by a "sworn complaint which incorporates by reference other factual materials which, together with the complaint, establish probable cause for detention." In re Walters, 15 Cal.3d 738, 126 Cal.Rptr. 239, 543 P.2d 607, 617(1975).
 
 
 18
 The City's pre-printed application form provides for a sworn certification and refers to and incorporates "official reports and records" that are prepared by law enforcement officers. It is the common practice of the Santa Monica Police Department to attach these materials to the application form before sending the package to the superior court for review. This practice would satisfy issuance of an arrest warrant, see Vesikuru, 314 F.3d at 1120-21, and thus also satisfies the requirements of a post-arrest probable cause determination. We therefore conclude that the City's post-arrest probable cause determination procedure on its face does not violate the Fourth or Fourteenth Amendments. The district court accordingly did not err in denying Jones summary judgment and in granting judgment as a matter of law to the City on Jones's facial challenges to the City's procedure.[3]
 
 
 19
 The Propriety of Jones's Probable Cause Determination
 
 
 20
 Wholly apart from her facial challenge to the City's procedures, Jones contends that the application for probable cause filed in her case was constitutionally infirm because it lacked sufficient attached documentation to support a finding of probable cause and because it was signed by an officer who did not have first-hand knowledge of Jones's arrest. We cannot address this claim because Jones failed to provide a trial transcript. De novo review of an appeal from a case that has gone to trial is difficult, if not impossible, when the appellant fails to file the trial transcript, or any portion or summary thereof, with this Court. Federal Rule of Appellate Procedure 10(b)(2) provides that where the appellant "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." FED. R. APP. P. 10(b)(2). The district court in this case determined at the close of all the evidence that "there is a complete absence of proof and there are otherwise no controverted issues of fact upon which reasonable persons could differ." Jones contests this finding, but without a transcript we are unable to determine whether the testimony at trial supports her position.
 
 
 21
 The sketchy record on appeal indicates that there was testimony before the district court as to what documents were attached to the application for probable cause when it was sent to the superior court for a probable cause determination. There appears also to have been testimony as to what knowledge Sergeant Keane possessed when she signed the declaration on the application for probable cause. These were issues that earlier the district court properly determined to be disputed, thus precluding summary judgment. Because we cannot review this testimony, Jones's claim of constitutional infirmity with regard to the handling of her application for probable cause is unreviewable and is hereby dismissed. See Syncom Capital Corp. v. Wade, 924 F.2d 167, 169(9th Cir.1991) (holding that failure to provide transcripts may require dismissal of appeal); Hall v. Whitley, 935 F.2d 164, 165 (9th Cir.1991) (same).
 
 
 22
 We also are unable to review the denial of Jones's motion for summary judgment. We do not review the denial of summary judgment on factual issues when the case proceeds to trial, even if that trial ends with a directed verdict. See Gen. Signal Corp. v. MCI Telecomms. Corp., 66 F.3d 1500, 1507 (9th Cir.1995). One reason for that rule is that it is superfluous to review the factual evidence twice. See id. In the present case, however, we cannot even review the evidence once; Jones has provided us with neither the complete record on summary judgment nor the transcript at trial. In any event, the factual development and decision at trial should take precedence over the preliminary ruling at summary judgment, which may have been the result of some doubt on the part of the trial judge whether it was wise to terminate the case at an early stage. See id. By failing to provide a trial transcript, Jones may not avoid our practice of not reviewing the denial of summary judgment when there has been a factual trial.
 
 Conclusion
 
 23
 The procedures of the City of Santa Monica for securing a post-arrest probable cause determination are not facially unconstitutional under the Fourth and Fourteenth Amendments. Jones's claim that her individual probable cause determination did not meet constitutional standards is dismissed for lack of an adequate transcript to permit review.
 
 
 24
 AFFIRMED in part; DISMISSED in part.
 
 
 
 Notes:
 
 
 *
 The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 Although Jones incidentally mentions her state law claims in her brief, she does not present them as issues or argue them. They are deemed abandonedSee Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir.2001).
 
 
 [2]
 InMcLaughlin, the Supreme Court held that probable cause determinations made within 48 hours of arrest are presumptively prompt. See 500 U.S. at 56, 111 S.Ct. 1661. The McLaughlin court did leave open the possibility that a defendant who received a post-arrest probable cause determination within 48 hours may still prove unconstitutional delay, see id., but there is no such claim in this case.
 
 
 [3]
 On this purely legal issue of the facial validity of the City's procedures, we may address the summary judgment ruling even though the case proceeded to trialSee Wilson Arlington Co. v. Prudential Ins. Co., 912 F.2d 366, 373 (9th Cir.1990).