Susan A. HUDOCK, Plaintiff—
Appellant,

v.

AVENTIS PHARMACEUTICALS,
INC., Defendant—Appellee.

No. 06–15287.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 25, 2007.

Susan A. Hudock, Phoenix, AZ, pro se.

Edwin Brady Stanley, Esq., Phoenix, AZ, Anthony J. Romano, Esq., Polsinelli Shalton Welte & Seulthaus PC, Kansas City, MO, for Defendant–Appellee.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Susan Hudock appeals pro se from the district court's judgment following a jury verdict for defendant in Hudock's action alleging Aventis Pharmaceuticals, Inc. discriminated against her, in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), when it ended her employment as a pharmaceutical sales representative because she was unable to drive to appointments with cus-

tomers. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's evidentiary rulings for an abuse of discretion, *Engquist v. Oregon Dep't of Agric.,* 478 F.3d 985, 1008 (9th Cir.2007), and we affirm.

The district court did not abuse its discretion by permitting Aventis to introduce evidence of Hudock's prior statement regarding whether driving was an essential function of her position. *See* Fed.R.Evid. 402 (relevant evidence is generally admissible); *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir.1996) (holding that a plaintiff in an ADA employment termination action must be able to perform the "essential functions" of the job).

We do not consider Hudock's challenge to the jury instructions because she has not shown that she objected to the instructions in district court. *See* Fed.R.Civ.P. 51(c)(1) (an objection to a jury instruction must be on the record, and "stat[e] distinctly the matter objected to and the grounds of the objection"); *Larson v. Neimi,* 9 F.3d 1397, 1399 (9th Cir.1993) (holding that Rule 51 is "strictly enforced").

We do not consider Hudock's challenges to the jury's verdict and the presence of Aventis's corporate representative at trial because she submitted incomplete trial transcripts. *See* Fed. R.App. P. 10(b)(2) (stating "the appellant must include in the record a transcript of all evidence relevant" to a contention that a finding or conclusion was unsupported by the evidence); *Jones v. City of Santa Monica,* 382 F.3d 1052, 1057–58 (9th Cir.2004) (holding that a claim was "unreviewable" on appeal because "without a transcript [the court was] unable to determine wheth-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

er the testimony at trial support[ed] [appellant's] position").

Hudock's remaining contentions are unpersuasive.

We deny Peter Moss's request to file an amicus brief.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.