Deepak **VOHRA**, Plaintiff—Appellant,

v.

**COUNTY OF ORANGE; et al.,**
Defendants—Appellees.

No. 06–55444.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

Deepak Vohra, Orange, CA, pro se.

Glen A. Stebens, Esq., Byron J. Beam, Esq., Beam Brobeck West Borges & Rosa, LLP, City Attorney's Office, Santa Ana, CA, Nah H. Hoard, Esq., for Defendants–Appellees.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Deepak Vohra appeals pro se from the district court's judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging that defendants violated his First, Fourth, and Fifth Amendment rights by unlawfully arresting and detaining him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm in part, vacate in part, and remand for further proceedings.

The district court properly granted summary judgment to Officer Davies on Vohra's unlawful arrest and search claims because the arrest was supported by probable cause. *See Cabrera v. Huntington Park,* 159 F.3d 374, 380 (9th Cir.1998); *see also United States v. Smith,* 389 F.3d 944, 950–52 (9th Cir.2004). Vohra's contention that an audio tape was taken during the search and not returned does not raise a § 1983 claim. *See Barnett,* 31 F.3d at 816–17.

---

* The panel unanimously finds this case suitable for decision without oral argument and therefore denies Vohra's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly granted summary judgment to the City of Santa Ana and the County of Orange on Vohra's § 1983 claims because Vohra did not demonstrate that these defendants maintained unlawful policies. *See Picray v. Sealock,* 138 F.3d 767, 772 (9th Cir.1998) ("Proof of random acts or isolated events does not satisfy the plaintiff's burden to establish a custom or policy."). Contrary to Vohra's contentions, the record shows that the County's decision not to prosecute Vohra was made two days after his arrest. *See Jones v. City of Santa Monica,* 382 F.3d 1052, 1056 (9th Cir.2004) (stating that probable cause determinations made within 48 hours of arrest are presumptively prompt).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law claims after granting summary judgment on the federal claims. *See* 28 U.S.C. § 1367(c)(3); *see also Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir.2001) (holding that the district court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it had original jurisdiction).

However, the district court abused its discretion when it gave Vohra no opportunity to conduct discovery to identify the ICE doe defendants and gave no reason for subsequently dismissing them. *See Gillespie v. Civiletti,* 629 F.2d 637, 643 (9th Cir.1980). We therefore vacate in part and reinstate Vohra's claims against the ICE doe defendants.

Vohra's remaining contentions are unpersuasive.

Each party shall bear its own costs.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**AFFIRMED in part, VACATED in part, and REMANDED.**