**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHAEL BRAINERD, | No. 08-17024 |
| Plaintiff - Appellant, | D.C. No. 07-CV-02663-EDL |
| v. | MEMORANDUM [*] |
| COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; MATTHEW WRISTEN; and EMIL DEVINCENZI | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted November 2, 2009 [**]
San Francisco, California

Before: NOONAN and W. FLETCHER, Circuit Judges, and DUFFY, [***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Michael Brainerd appeals the district court's granting summary judgment for defendants—County of Lake and Lake County Sheriff's Office ("Municipal Defendants"), and Deputies Matthew Wristen and Emil Devincenzi (collectively, "Defendants"), on his 42 U.S.C. § 1983 claims alleging unlawful arrest, unreasonable search and seizure, failure to provide a timely and adequate probable cause hearing, failure to provide adequate medical treatment, and illegal incarceration.

The facts and circumstances of this case are well known to the parties and are fairly and accurately set out by the district court at Brainerd v. County of Lake, 2008 U.S. Dist. LEXIS 59681, at *4–*13 (N.D. Cal. Aug. 6, 2008). Brainerd now contends that the district court erred because there are material fact questions on the issues of whether: (1) the officers had probable cause to arrest him without a warrant; (2) the officers lawfully entered his room; (3) his probable cause determination was timely and adequate; (4) Defendants were deliberately indifferent to his medical needs; (5) he was unlawfully detained for a short time after his official release; and (6) the Municipal Defendants should be held liable for several of the alleged violations.

We review a district court's grant of summary judgment de novo. Llamas v. Butte Cmty. Coll. Dist., 238 F.3d 1123, 1126 (9th Cir. 2001). Viewing the evidence in the light most favorable to the non-moving party, the "judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any

2

affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see Llamas, 238 F.3d at 1126. The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Deputies Wristen and Devincenzi arrested Brainerd without a warrant for threatening to hit his co-resident, Bobby Boyd, in the head with a baseball bat during the course of an argument in violation of California Penal Code § 422, a felony. A warrantless arrest must be supported by probable cause. "Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." Peng v. Hu, 335 F.3d 970, 976 (9th Cir. 2003). Accepting Brainerd's version of the facts as true, the deputies had probable cause to believe that Brainerd's threat was sufficiently unequivocal and imminent to constitute a crime. The deputies' probable cause determination was supported by reasonably trustworthy information, including detailed statements from the alleged victim and a witness and inferences reasonably drawn from the surrounding circumstances. See Brinegar v.

3

United States, 338 U.S. 160, 176 (1949); Peng, 335 F.3d at 979. Thus, the deputies' warrantless arrest of Brainerd was supported by probable cause.

Even if probable cause were lacking, the district court properly granted summary judgment for the deputies on the basis of qualified immunity because the deputies were reasonable in concluding that they had probable cause. Franklin v. Fox, 312 F.3d 423, 437–38 (9th Cir. 2002); Peng, 335 F.3d at 976–80.

Similarly, the district court properly granted summary judgment for the Municipal Defendants on this claim. Brainerd alleged no municipal policy or custom causing the deputies to arrest him without a warrant in this case. Nor has he alleged that anyone except the arresting deputies made the decision to arrest him or ratified that decision. Thus, the Municipal Defendants have no liability for Brainerd's arrest. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–24 (1985); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); Los Angeles Police Protective League v. Gates, 907 F.2d 879, 889 (9th Cir. 1990).

Summary judgment was also proper because the deputies lawfully entered Brainerd's room to arrest him. The entry was supported both by consent and by exigent circumstances. See Georgia v. Randolph, 547 U.S. 103, 110, 113–14, 118 (2006). And, even if the entry was not justified by either, the deputies are protected by qualified immunity because a reasonable officer could have thought that it was.

4

See Franklin, 312 F.3d at 437–38; Peng, 335 F.3d at 976–80.

The judicial determination of probable cause in this case was both timely and adequate. The Fourth Amendment requires that in the case of a warrantless arrest, the government must promptly obtain a fair and reliable determination of probable cause by a judicial officer. Gerstein v. Pugh, 420 U.S. 103, 125 (1975). A "judicial determination[ ] of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein. For this reason, such jurisdictions will be immune from systemic challenges." County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). However, a delay within the 48 hour window may, nonetheless, violate the Constitution "if the arrested individual can prove that his or her probable cause determination was delayed unreasonably." Id.

Brainerd fails to raise a fact question on the issue of unreasonable delay. Brainerd fails to allege facts that show that Defendants used the 42 hours between his arrest and probable cause determination for any improper purpose. Instead, Brainerd's allegations of delay are consistent with the "practical realities," for which we must allow "a substantial degree of flexibility." McLaughlin, 500 U.S. at 56–57.

Brainerd also contends that the determination of probable cause in his case was unconstitutional because Defendants failed to bring him in person before the magistrate, who instead made his determination of probable cause by telephone. This

5

court recently rejected that argument in <u>Jones v. City of Santa Monica</u>, 382 F.3d 1052 (9th Cir. 2004), holding that "the Constitution does not require a personal appearance" for a judicial determination of probable cause. <u>Id.</u> at 1055.

The district court properly granted summary judgment with respect to Brainerd's allegations that the deputy's declaration of probable cause contained false and fraudulent information. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir. 1992) (citation and emphasis omitted). In order to survive a motion for summary judgment on a claim that an officer violated a suspect's constitutional rights by deliberately and recklessly disregarding the truth in making material false statements or omissions in an affidavit for probable cause to secure a search warrant, the plaintiff must "both establish a substantial showing of a deliberate or reckless disregard and establish that, without the dishonestly included or omitted information, the magistrate would not have issued the warrant." <u>Lombardi v. City of El Cajon</u>, 117 F.3d 1117, 1124 (9th Cir. 1997). Here, after sanitizing the deputy's declaration of the statements and omissions that Brainerd alleges were false, it still supports the magistrate's finding of probable cause to arrest, so Brainerd's claim cannot survive summary judgment.

As to Brainerd's deliberate medical indifference claim, he failed to name the parties potentially responsible, but even if he had, the record indisputably shows that

he received appropriate medicine when necessary, so this claim completely lacks merit. See Clement v. Gomez, 298 F.3d 898, 904–05 (9th Cir. 2002).

Finally, Brainerd's claim that he was unlawfully detained to facilitate the service of a temporary restraining order upon him also lacks merit, as he was not initially seized to assist a private party in a civil dispute. Nor does he provide any evidence that the named deputies were involved in or responsible for his continued incarceration or that the Municipal Defendants had any official policy of detaining suspects for the purpose of perfecting service of temporary restraining orders.

AFFIRMED.