**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANKHENATEN RA EL, Sui Juris, | No. 08-56122 |
| Plaintiff - Appellant, | D.C. No. 5:05-cv-00174-DDP-RZ |
| v. | |
| MICHAEL MALONE CRAIN, I; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Ankhenaten Ra El appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional violations arising

from two arrests.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). We may affirm on any ground supported by the record. *Venetian Casino Resort, L.L.C. v. Local Joint Exec. Bd. of Las Vegas*, 257 F.3d 937, 941 (9th Cir. 2001). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on the blood withdrawal claim because defendants had probable cause to believe that Ankhenaten Ra El was under the influence of a controlled substance. *See Schmerber v. California*, 384 U.S. 757, 768-71 (1966) (non-consensual blood draw did not violate Fourth Amendment where probable cause and exigent circumstances existed).

The district court properly granted summary judgment on the false imprisonment and false arrest claims because the officers are entitled to qualified immunity in light of the indicia of controlled substance use that Ankhenaten Ra El exhibited. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023-24 (9th Cir. 2009) (officers were entitled to qualified immunity under similar circumstances).

The district court properly granted summary judgment on the claim that defendant Doyle failed to provide Ankhenaten Ra El with an adequate probable cause hearing, because a hearing was held well within 48 hours and personal appearance is not required. *See Jones v. City of Santa Monica*, 382 F.3d 1052,

1055 (9th Cir. 2004). Summary judgment was also proper on the jail safety claim because Ankhenaten Ra El failed to establish a genuine issue of material fact as to whether Doyle was aware of but disregarded a risk to Ankhenaten Ra El's safety. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (applying Eighth Amendment standards to pretrial detainees).

To the extent that Ankhenaten Ra El claims a denial of the Fourteenth Amendment right to production of exculpatory evidence, summary judgment was proper because a favorable decision on this claim "would necessarily imply the invalidity of his conviction." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

The district court properly granted summary judgment on the claims alleging racial animus and evidence tampering because Ankhenaten Ra El failed to raise a genuine issue of material fact as to whether the individual defendants were motivated by racial animus or tampered with their recordings of his arrest. *See Arpin*, 261 F.3d at 922 (conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment).

The district court properly determined that even if Ankhenaten Ra El has a viable First Amendment retaliation claim, defendants Smith and Medina are entitled to qualified immunity because their arrest of Ankhenaten Ra El was supported by probable cause. *See Skoog v. County of Clackamas*, 469 F.3d 1221,

1235 (9th Cir. 2006) (because "the right of an individual to be free of police action motivated by retaliatory animus" despite the existence of probable cause was not clearly established as of 2006, the officer defendant was protected by qualified immunity).

Finally, the district court properly granted summary judgment on the excessive force claims because success on those claims would necessarily invalidate Ankhenaten Ra El's conviction under California Penal Code § 148(a)(1) for resisting arrest. *See Heck*, 512 U.S. at 486-87; *Smith v. City of Hemet*, 394 F.3d 689, 699 n.5 (9th Cir. 2005) (en banc) (a jury-trial conviction for resisting arrest, pursuant to Cal. Penal Code § 148(a)(1), "necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would necessarily imply the invalidity of his conviction") (citation and internal quotation marks omitted). However, those claims should have been dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam). Accordingly, we vacate the judgment and remand for the limited purpose of entering a dismissal without prejudice.

We do not consider arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

08-56122

Ankhenaten Ra El's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**