NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TARIK I. MESSAAD,<br><br>              Plaintiff-Appellant,<br><br>   v.<br><br>COUNTY OF WASHOE; CHUCK ALLEN, Washoe County Sheriff,<br><br>              Defendants-Appellees. | No. 17-16111<br><br>D.C. No. 3:15-cv-00582-MMD-VPC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted January 16, 2018**

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Tarik I. Messaad appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging an unlawful detention. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Thompson v. Paul*, 547

F.3d 1055, 1058 (9th Cir. 2008) (dismissal under Fed. R. Civ. P. 12(b)(6));

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)). We may affirm on any ground supported by the record. *Thompson*, 547 F.3d at 1058-59. We affirm.

The district court properly dismissed Messaad's Fourth Amendment claim alleging that he was unconstitutionally held without a prompt probable cause determination because a probable cause determination was made within 48 hours of his arrest. *See Jones v. City of Santa Monica*, 382 F.3d 1052, 1055 & n.2 (9th Cir. 2004) (probable cause determinations made within 48 hours are presumptively prompt, and determinations may be informal and non-adversarial without a personal appearance by the suspect).

Although the district court improperly dismissed on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994), dismissal of Messaad's Sixth and Fourteenth Amendment claims was proper because Messaad has not alleged any harm arising from the defendants' actions, and leave to amend would be futile. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (dismissal without leave to amend is appropriate where "amendment would be futile" (citation and internal quotation marks omitted)).

Contrary to Messaad's contention, the district court properly screened Messaad's complaint under 28 U.S.C. § 1915(e). *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to all in forma pauperis

17-16111

complaints).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**