**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH ANTONETTI, | No.   15-15682 |
| Plaintiff-Appellant, | D.C. No. 3:10-cv-00158-LRH-WGC |
| v. | |
| HOWARD SKOLNICK; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| JOSEPH ANTONETTI, | No.   15-15691 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-00548-LRH-WGC |
| v. | |
| JAMES COX; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted May 21, 2018**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Joseph Antonetti, a Nevada state prisoner, appeals pro se from the district court's judgment in favor of the defendants after a nine-day jury trial in Antonetti's two consolidated 42 U.S.C. § 1983 civil rights actions raising numerous claims regarding the conditions of his confinement in segregated housing at High Desert State Prison in Indian Springs, Nevada.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Antonetti challenges the district court's (1) dismissal of claims pursuant to 28 U.S.C. § 1915A, (2) dismissal as to defendants newly named in an amended complaint, (3) dismissal of duplicative claims, (4) dismissal of claims for failure to exhaust administrative remedies, (5) grant of summary judgment on a First Amendment claim of denial of access to the courts, and (6) dismissal of claims alleging deprivation of personal property in violation of due process.  We have examined each of the district court's challenged rulings.  These rulings were made in accordance with the law, and the district court's exercise of discretion in each instance was appropriate.

Moreover, the district court correctly exercised its discretion in denying Antonetti's motions for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  The district court also appropriately denied class certification.  *See* Fed. R. Civ. P. 23(a); *In re*

*Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d 679, 690 (9th Cir. 2018).

Antonetti's arguments regarding the conduct of trial, including an argument that the district court erred in directing a verdict on certain counts, and an argument that the verdict was against the weight of the evidence, are foreclosed by his failure to provide a trial transcript. *See Jones v. City of Santa Monica*, 382 F.3d 1052, 1057 (9th Cir. 2004); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (per curiam).

The district court appropriately exercised its discretion by ordering Antonetti shackled during trial. *See United States v. Cazares*, 788 F.3d 956, 963 (9th Cir. 2015) (addressing shackling during criminal trial); *Duckett v. Godinez*, 67 F.3d 734, 748 (9th Cir. 1995). Plaintiff's Disciplinary History Report ("Report") and the Declaration of Associate Warden Byrne of Ely State Prison fully supports Judge Hick's decision to shackle him, a maximum security inmate, during the trial. The Report reveals multiple findings of guilty over a nine-year period of assault, battery, gang activities, escape, abusive language, disobedience, delaying or hindering staff, and tampering with a locking device. Associate Warden Byrne indicated that "[a]lthough Inmate Antonetti is no longer classified as a High Risk Potential (HRP) inmate, he remains a maximum custody inmate with a history of escape. . . . Pursuant to Inmate Antonetti's custody classification . . . , he should be restrained in leg and waist restraints for safety and security purposes."

We reject Antonetti's claim that shackling denied him a fair trial.

Antonetti's motion for consideration, Docket Entry No. 37, is granted.

**AFFIRMED.**